UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Nena Bonsignore                                      Case No. 1:23-cv-23812-PCH

      Plaintiff,

vs.

QBE Specialty Insurance Company

      Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO QBE'S MOTION TO TAX
ATTORNEY'S FEES AND COSTS UNDER FLORIDA STATUTE SECTION 768.79**

**COMES NOW**, Plaintiff, Nena Bonsignore, by and through its undersigned

counsel, files this response in opposition to "QBE's Motion to Tax Attorney's Fees and

Costs under Florida Statute Section 768.79" [Doc No. 47] ("Motion"), and in support

thereof states:

**FACTUAL BACKGROUND**

On May 20, 2024, after a hearing that took place on May 7, 2024, this Court entered an

Order granting Defendant's Motion for Summary Judgment, providing that final judgment is

entered, and reserving jurisdiction to fees and costs [Doc. Nos. 44 and 45]. On July 22, 2024,

Defendant filed their Motion. However, at no point did the Defendant comply with

Florida law and put the Plaintiff on notice that they were seeking fees and costs in a

pleading, as required by Florida law.

1

## MEMORANDUM OF LAW

### I.      Defendant's Failure to Plead Entitlement

The federal courts have determined that the right to attorney's fees under the offer of judgment statute (Fla. Stat. 768.79) is a substantive right and must be interpreted pursuant to Florida law.  *Jones v. United Space Alliance, LLC* 494 F. 3d 1306,1309 (11th Cir. 2007); *Horowitch v. Diamond Aircraft Indust. Inc.*, 645 F.3d 1254, 1275 (11th Cir. 2011).

In the instant matter, Defendant has never in a single pleading (as defined by FRCP 7(a)) in this matter pled a request for attorney fees. The Florida Supreme Court held "that a claim for attorney's fees, whether based on statute or contract, must be pled. Failure to do so constitutes a waiver of the claim." *Stockman v. Downs,* 573 So. 2d 835 (Fla. 1991); *Dickson v. Heaton*, 87 So. 3d 81 (Fla. 4th DCA 2012).  In *Kuhajda v. Borden Dairy Co.*, 202 So. 3d 391 (Fla. 2016), the Court determined that if there is no pleading for attorney's fees in the answer, attorney's fees do not need to be addressed in the proposal for settlement because 'a claim for attorney's fees…must be [pleaded] unless 'a party has notice that an opponent claims entitlement to attorney's fees, and by its conduct recognizes or acquiesces to that claim…'" (citing *Stockman* at 837-838).

Nowhere in QBE's Answer and Affirmative Defenses [Doc. 3] does it mention it is seeking attorney's fees in the event that it prevails.  Without a simple statement of entitlement, the Defendant's right to entitlement fails.  Therefore, the Court should deny the entitlement to fees.

## II.      Invalid Proposal for Settlement

Rule 1.442(c)(2)(F) of the Florida Rules of Civil Procedure requires that a proposal "shall": "state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim." Defendant's proposal includes the first provision but not the second.

Defendant's Proposal for Settlement states:

> *2.  This Proposal for Settlement/Offer of Judgment is made in an attempt to resolve all damages that Nena Bonsignore has asserted or could have asserted against QBE and which could otherwise be awarded in a final judgment in the above captioned action*
>
> *[,,,]*
>
> *6.  Nena Bonsignore has asserted a claim for attorneys' fees and costs, which are not part of the legal claim but are sought based on Florida Statutes allowing recovery of attorneys' fees and costs. This Proposal for Settlement/Offer of Judgment includes her claim for attorneys' fees and costs, and is served in an attempt to resolve all damages that Nena Bonsignore would and/or could be awarded in the above captioned action.*

*Deer Valley Realty, Inc. v. SB Hotel Associates LLC* involved the identical factual situation here. In that matter, paragraph five of defendant's proposal stated: "The claims to be resolved by acceptance of this proposal for settlement are all claims against Defendant that were raised in this action or could have been raised in this action by Plaintiff, and any claims against Plaintiff, that were raised in this action or could have been raised in this action by Defendant." *Deer Valley Realty, Inc. v. SB Hotel Associates LLC*, 190 So.3d 207 (Fla. 4th DCA 2016). Paragraph seven of defendants' proposal stated: "This

3

proposal for settlement is inclusive of all attorney's fees and costs incurred by Plaintiff or Defendant." *Id*.

The Fourth District Court of Appeal held that, "[w]hile the proposals included attorney's fees, they neglected to include a statement that '***attorney's fees [were] part of the legal claim***.' The proposals satisfied only half of rule 1.442(c)(2)(F)'s requirements. They were therefore invalid and unenforceable. The trial court erred in awarding attorney's fees pursuant to them." *Id.* (emphasis in the original) (citing *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So.3d 362, 376-78 (Fla. 2013)).

In *Horowitch*, answering a certified question from the Eleventh Circuit Court of Appeals, the Florida Supreme Court held that, "even if section 768.79 applied in this case, Diamond Aircraft would not be entitled to attorney's fees under that section because Diamond Aircraft's offer of settlement did not strictly comply with rule 1.442, as it did not state that the proposal included attorney's fees and attorney's fees are part of the legal claim." *Horowitch*, 107 So.3d at 377.

Here, as in *Deer Valley*, Defendant's proposal meets only half of the requirement. It states that the proposal includes attorney's fees, but it fails to specifically include a statement that "attorney's fees are part of the legal claim." Under *Deer Valley* and *Horowitch*, the proposal is invalid and unenforceable.

### III.    Nominal Proposal for Settlement

It is Plaintiff's position that Defendant's proposal for settlement was not made in good faith as Defendant did not serve it with any intention to settle and that Defendant's

sole purpose in submitting the nominal proposal for settlement was to position themselves for fees and costs in the event the outcome is in Defendant's favor. Plaintiff cites Fla. Stat. §768.79(8)(a) that sets forth that in its discretion, the court may determine that a proposal for settlement was not made in good faith and may deny any request for an award of attorney's fees and costs.

The intent of Fla. Stat. §768.79 is to encourage legitimate offers and give the other party something to think about, in terms of potentially being exposed to fees. Plaintiff maintains that if an offer is so low, so as not to be anything to "think about," then there was never any decision to be made as the party that offered the proposal for settlement was just using the statute as a means of positioning for fees and costs. The legislature enacted Fla. Stat. §768.69 to "deter parties from rejecting presumably reasonable settlement offers by imposing sanctions through costs and attorney's fees." *See Floating Docks, Inc. v. Auto-Owners Ins. Co.*, 82 So. 3d 73, 79 (Fla. 2012). Fla. Stat. §768.69 and the implementation of Florida Rule of Civil Procedure 1.442 must be strictly construed because they are in derogation of the common law rule that each party pays its own fees. *Attorneys' Title Ins. Fund, Inc. v. Gorka*, 36 So.3d 646, 646 (Fla. 2010). The penal nature of this type of fee award also means strict construction is applied in favor of the party against whom the penalty is imposed. *Tierra Holdings, Ltd. v. Mercantile Bank*, 78 So. 3d 558, 563 (Fla. 1st DCA 2011).

In *Event Services America, Inc. v. Ragusa*, 917 So. 2d 882 (Fla. 3d DCA 2005), the Third District stated that a reasonable basis for a nominal offer exists only where the undisputed record strongly indicates that the defendant had no exposure in the case. *Id.*

*at 884* (quoting *Peoples Gas Sys., Inc. v. Acme Gas Corp.*, 689 So.2d 292, 300 (Fla. 3d DCA 1997)).

The offer made of $5,000 was not even ten percent of the $92,837.81 that the Plaintiff was seeking during the litigation. Looking at the totality of the circumstances of this matter, there is no indication that at the time the proposal for settlement was filed that Defendant was reasonably able to conclude that its exposure was nominal.

## CONCLUSION

This Court must deny Defendant's Motion for Order of Entitlement to Attorneys' Fees and to Tax Costs as they failed to comply with Florida law by putting Plaintiff on notice of their intent to seek fees and costs until their post judgment motion. Furthermore, Defendant's Proposal for Settlement is flawed, and as a result, it precludes Defendant from an entitlement of attorneys' fees and costs.

WHEREFORE, Plaintiff, Nena Bonsignore requests the Court to enter an Order to Denying Defendant's Motion for Order of Entitlement to Attorneys' Fees and to Tax Costs, and grant such other further relief that is just and appropriate under the circumstances.

Respectfully submitted on August 9, 2024.

**Florida Insurance Law Group, LLC**
Town Center One, Suite 2267
8950 SW 74th Ct, Miami, FL 33156-3171
Tel. (305) 906-4262

*Lynn A. Brauer, Esq.*

Lynn Brauer, Esq.
**Fla. Bar No.** 467420
Pleadings@flinslaw.com

6

Lynn@flinslaw.com